IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

COREY REDDING,
      Petitioner,

vs.                                Case No. 5:08cv161/RS/EMT

SCOTT A. MIDDLEBROOKS, WARDEN,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 5).  Warden Middlebrooks filed a response (Doc. 11).  Although Petitioner was provided an opportunity to file a reply (*see* Doc. 12), he declined to do so.

Petitioner is a federal inmate who was sentenced to serve a 57-month term of imprisonment for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841 (Doc. 11, Declaration of Sarah M. Schuh ¶ 3).  At sentencing, Petitioner received a two-point enhancement for possession of a firearm (*id.*, ¶ 4).  Petitioner is scheduled for release via good time credit on February 11, 2011 (*id.*).  In the instant petition, Petitioner contends that the federal Bureau of Prisons (BOP) improperly determined him ineligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B), despite his anticipated successful completion of the Residential Drug Abuse Program ("RDAP") (Doc. 5 at 3–3A)  Petitioner claims that 28 C.F.R. § 550.58 and BOP program statements implementing 18 U.S.C. § 3621 are invalid under the Administrative Procedures Act (APA) (*id.*).

Title 18 U.S.C. § 3621(e)(2)(B) grants the BOP discretion to reduce by up to one year the sentence of a prisoner who successfully completes a substance abuse treatment program.  Title 28 C.F.R. § 550.58 provides additional considerations for early release under this statute, and certain categories of inmates are not eligible for early release.  Subsection § 550.58(a)(vi)(B) provides that

inmates whose current offense is a felony that involved the possession, carrying, or use of a firearm are not eligible for early release.  Petitioner contends that he was improperly denied eligibility for the one-year sentence reduction on this basis.  The BOP's discretionary authority to preclude early release based on this regulation was upheld in Lopez v. Davis, 531 U.S. 230, 240, 244, 121 S. Ct. 714, 724, 148 L. Ed. 2d. 635 (2001).  Petitioner contends that the court should follow the Ninth Circuit's recent decision in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), which held that the regulation implemented by the BOP categorically excluding from early release prisoners convicted of offenses involving possession, carrying, or use of firearms violated the Administrative Procedures Act (APA).  The court need not reach the merits of Petitioner's claim at this time as he has failed to exhaust his administrative remedies.

It is well established that prisoners must exhaust administrative remedies before habeas relief may be granted, including relief pursuant to § 2241.  Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632, 634 (2d Cir. 2001) (addressing § 2241 petition); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); Little v. Hopkins, 638 F.2d 953, 953–54 (6th Cir. 1981) (discussing habeas petitions in general); United States ex rel. Sanders v. Arnold, 535 F.2d 848, 850–51 (3d Cir. 1976) (same); Willis v. Ciccone, 506 F.2d 1011, 1014–15, n.3 (8th Cir. 1974) (same).  "Exhaustion of administrative remedies is jurisdictional" when a petition for writ of habeas corpus is brought pursuant to § 2241 for release from a federal prison.  Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (citing United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (requirement that prisoners exhaust administrative procedures prior to seeking relief in district court is jurisdictional)); United States v. Mitchell, 845 F.2d 951, 952–53 (11th Cir. 1988) (district court does not have jurisdiction to entertain petition seeking sentence credit until defendant has exhausted his administrative remedies; after final administrative decision, a dissatisfied prisoner may seek review of that decision) (citation omitted).  Also jurisdictional is "[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued."  Boz

v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (internal quotation marks and citation omitted).

The BOP provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10–542.16.  Initially, prisoners must seek resolution of issues through informal grievances.  *Id.* at § 542.13(a).  If unsuccessful, an inmate may then file a formal written complaint with the institution.  *Id.* at § 543.13(b).  An appeal may then be taken to the Regional Director.  *Id.* at § 542.15.  Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP.  *Id.*  Each of these steps is generally required to satisfy the exhaustion prerequisite.

Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief rather than doing so while a petition is pending; however, where the jurisdictional defect is cured during the pendency of the action, the court may review the merits of the claim.  *See, e.g.,* Scott v. Singletary, 38 F.3d 1547, 1550 n.3 (11th Cir. 1994) (concluding that district court's denial of habeas petitioner's motion for relief from judgment denying his habeas corpus petition cured any jurisdictional defect which might have existed when he filed motion with appellate court to recall mandate in prior decision affirming denial of habeas petition, but cautioning petitioner that "[s]imilar procedural machinations will, in the future, be strictly scrutinized for compliance with basic jurisdictional norms."); Meagher v. Dugger, 737 F. Supp. 641, 643 (S.D. Fla. 1990) (holding that administrative remedies must be exhausted prior to seeking judicial review, not merely prior to district court's decision on the merits, but construing petitioner's "Notice of Supplementary Facts," in which petitioner indicated that he had completed administrative remedy process during pendency of district court case, as motion to amend jurisdictional allegations in petition, and permitting amendment).

In this case, Petitioner admits in his amended petition that he has not properly exhausted his administrative remedies prior to filing suit (Doc. 5 at 3), and he has not supplemented his petition with facts showing that the jurisdictional defect has been cured during the pendency of this action. Therefore, his case is subject to dismissal for failure to exhaust.  Petitioner argues he should be excused from the exhaustion requirement because exhaustion would be futile as the administrative body has predetermined the issue before it (*see* Doc. 5 at 3).  The court does not find this argument to be well-taken under the circumstances in the case at bar; the fact that a favorable administrative

remedy outcome is unlikely does not meet Petitioner's burden of establishing extraordinary circumstances justifying waiver of the exhaustion requirement.  *See e.g.*, Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994); Green v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiting the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim."); Portela-Gonzalez v. Secretary of the Navy, 109 F.3d 74, 78 (1st Cir. 1997) ("A pessimistic prediction or a hunch that further administrative proceedings will prove unproductive is not enough to sidetrack the exhaustion rule.").  Respondent notes that the administrative remedy process allows the BOP to review its regulations and program statements after a contrary judicial determination, such as Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008) (*see* Doc. 11 at 7).  And, as stated by Respondent, "[t]he Bureau stands at the precipice of this evolving case law and while currently choosing not to apply Arrington to all inmates, may decide to do so if a flood of adverse rulings are issued" (*id.*)[1]  In light of the relative newness of the Arrington decision, the court does not find that waiver of the administrative exhaustion requirement is proper.

 Accordingly it is respectfully **RECOMMENDED**:

 That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 5) be **DENIED without prejudice** as this court does not have jurisdiction to consider the merits of Petitioner's claim due to his failure to exhaust his administrative remedies prior to filing suit.

---

[1]The court also notes that at least seven other district courts have declined to follow Arrington.  *See* Ramirez v. Berkebile, No. 3:08-cv-1899-L, 2008 WL 5435334, at *1 (N.D. Tex. Dec. 31, 2008); Snipe v. Dep't of Justice, No. 3:08-cv-22, 2008 WL 5412868, at *3 (N.D. W.Va. Dec. 23, 2008); Sinclair v. Eichenlaub, No. 2:07-cv-12967, 2008 WL 5235981, at *1 (E.D. Mich. Dec. 15, 2008); Baxter v. Quintana, No. Civ. A. 08-91, 2008 WL 5115046, at *6 (W.D. Pa. Dec. 4, 2008); Minotti v. Whitehead, — F. Supp. 2d —, Nos. Civ. RWT-08-1418, Civ. RWT-08-2084, Civ. RWT-08-1018, 2008 WL 4791462, at *1 (D. Md. Oct. 31, 2008); Neal v. Grondolsky, No. Civ. A. 08-2477, 2008 WL 4186901, at *1 (D.N.J. Sept. 9, 2008); Gatewood v. Outlaw, No. 2:08cv00054WRW/BD, 2008 WL 2002650, at *2 (E.D. Ark. May 8, 2008).

At Pensacola, Florida this <u>12</u><sup>th</sup> day of January 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

        **Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**